1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   REFUGIO PINEDO HUIZAR

6

7



ORIGINAL FILED

AUG 27 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                   SAN FRANCISCO DIVISION

10  REFUGIO PINEDO HUIZAR,              Case No.

11                       Plaintiff,    C 07   04404   EMC

12  v.                                 COMPLAINT

13  ENCORE RECEIVABLE MANAGEMENT,       DEMAND FOR JURY TRIAL
    INC., a Kansas corporation,
14                                      15 United States Code § 1692 *et seq.*
                                        California Civil Code § 1788 *et seq.*
15                       Defendant.     California Civil Code § 1812.700 *et seq.*
                                        Invasion of Privacy

16

17           Plaintiff, REFUGIO PINEDO HUIZAR (hereinafter "Plaintiff"), based on

18  information and belief and investigation of counsel, except for those allegations which pertain to the

19  named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the

20  following allegations:

21                          **I.  INTRODUCTION**

22           1.     This is an action for actual damages, statutory damages, attorney fees and

23  costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection

24  Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt

25  Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which

26  prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff also

27  seeks statutory damages, attorney fees and costs for the Defendant's violation of Cal. Civil Code §§

28  1812.700-1812.702.

## II.  JURISDICTION

2.       Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.       This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III.  VENUE

4.       Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

5.       This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

## V.  PARTIES

6.       Plaintiff, REFUGIO PINEDO HUIZAR (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.       Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. (hereinafter "ENCORE"), is a Kansas corporation engaged in the business of collecting debts in this state with its principal place of business located at:  400 North Rogers Road, Olathe, Kansas  66062-1212. ENCORE may be served as follows:  Encore Receivable Management, Inc., c/o STK Registered Agent, Inc., 9225 Indian Creek Parkway, Suite 1100, Overland Park, Kansas  66210-2029.  The principal purpose of ENCORE is the collection of debts using the mails and telephone, and ENCORE regularly attempts to collect debts alleged to be due another. ENCORE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  ENCORE

1  is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C.

2  § 1692 *et seq.*

3  **VI.  FACTUAL ALLEGATIONS**

4  8.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial

5  obligation, namely a consumer credit account issued by GE Money Bank and bearing the account

6  number XXXX-XXXX-XXXX-5051 (hereinafter "the debt").  The debt was incurred primarily for

7  personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.

8  § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9  9.    Sometime thereafter on a date unknown to Plaintiff, the debt was consigned,

10  placed or otherwise transferred to Defendant for collection from Plaintiff.

11  10.    Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which

12  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13  11.    A true and accurate copy of the collection letter from Defendant to Plaintiff

14  is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15  12.    The collection letter (Exhibit "1") is dated March 12, 2007.

16  13.    Thereafter, Defendant sent a corrected collection letter (Exhibit "2") to

17  Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15

18  U.S.C. § 1692a(2).

19  14.    A true and accurate copy of the corrected collection letter from Defendant to

20  Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

21  15.    The corrected collection letter (Exhibit "2") is dated March 26, 2007.

22  16.    The corrected collection letter (Exhibit "2") replaced Exhibit "1" and,

23  therefore, was Defendant's first written notice initially addressed to Plaintiff in connection with

24  collecting the debt owed to GE Money Bank.

25  17.    The corrected collection letter (Exhibit "2") does not include the notice

26  required by Cal. Civil Code § 1812.700(a).

27  18.    On or about March 13, 2007, an employee of Defendant recorded the

28  following message on Plaintiff's answering machine:

-3-
COMPLAINT

1      Please contact Mr. Jones at 1-877-409-2110.  This call is regarding a personal
       business matter that demands your immediate attention.  Once again, please contact
2      Mr. Jones at 1-877-409-2110.  I looked forward to your prompt attention to this
       matter.
3

4           19.     On or about March 15, 2007, Defendant recorded the following automated

5   message on Plaintiff's answering machine:

6      Hello.  This is an important message for Refugio P. Huizar.  It is not a sales or
       marketing phone call.  To retrieve your important message, please call us back at 1-
7      877-409-2110.  Thank you.

8           20.     On or about March 16, 2007, Defendant recorded the following automated

9   message on Plaintiff's answering machine:

10     Hello.  We have a message for Refugio P. Huizar.  This is not a sales or
       telemarketing call.  It is regarding an important business matter.  Please call us back
11     at 877-409-2110.  Thank you.

12          21.     On or about March 17, 2007, Defendant recorded the following automated

13  message on Plaintiff's answering machine:

14     This is a very important message only for Refugio P. Huizar.  This is not a sales or
       telemarketing phone call.  To retrieve this important message, please call us back at
15     1-877-409-2110.  Thank you.

16          22.     On or about March 18, 2007, Defendant recorded the following automated

17  message on Plaintiff's answering machine:

18     Hello.  We have a message for Refugio P. Huizar.  This is not a sales or
       telemarketing call.  It is regarding an important business matter.  Please call us back
19     at 877-409-2110.  Thank you.

20          23.     On or about March 18, 2007, Defendant recorded the following automated

21  message on Plaintiff's answering machine:

22     This is a very important message only for Refugio P. Huizar.  This is not a sales or
       telemarketing phone call.  To retrieve this important message, please call us back at
23     1-877-409-2110.  Thank you.

24          24.     On or about March 20, 2007, Defendant recorded the following automated

25  message on Plaintiff's answering machine:

26     Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or
       marketing phone call.  To retrieve your important message, please call us back at 1-
27     877-409-2110.  Thank you.

28          25.     On or about March 20, 2007, Defendant recorded the following automated

1    message on Plaintiff's answering machine:

2        Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or
         marketing phone call.  To retrieve your important message, please call us back at 1-
3        877-409-2110.  Thank you.

4            26.    On or about March 22, 2007, Defendant recorded the following automated

5    message on Plaintiff's answering machine:

6        Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or
         marketing phone call.  To retrieve your important message, please call us back at 1-
7        877-409-2110.  Thank you.

8            27.    On or about March 23, 2007, Defendant recorded the following automated

9    message on Plaintiff's answering machine:

10       Hello.  We have a message for Refugio P. Huizar.  This is not a sales or
         telemarketing call.  It is regarding an important business matter.  Please call us back
11       at 877-409-2110.  Thank you.

12           28.    On or about March 23, 2007, Defendant recorded the following automated

13   message on Plaintiff's answering machine:

14       This is a very important message only for Refugio P. Huizar.  This is not a sales or
         telemarketing phone call.  To retrieve this important message, please call us back at
15       1-877-409-2110.  Thank you.

16           29.    On or about March 24, 2007, Defendant recorded the following automated

17   message on Plaintiff's answering machine:

18       Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or
         marketing phone call.  To retrieve your important message, please call us back at
19       877-409-2110.  Thank you.

20           30.    On or about March 24, 2007, Defendant recorded the following automated

21   message on Plaintiff's answering machine:

22       Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or
         marketing phone call.  To retrieve your important message, please call us back at
23       877-409-2110.  Thank you.

24           31.    On or about March 25, 2007, Defendant recorded the following automated

25   message on Plaintiff's answering machine:

26       Hello.  We have a message for Refugio P. Huizar.  This is not a sales or
         telemarketing call.  It is regarding an important business matter.  Please call us back
27       at 877-409-2110.  Thank you.

28           32.    On or about March 26, 2007, Defendant recorded the following automated

1    message on Plaintiff's answering machine:

2         This is a very important message only for Refugio P. Huizar.  This is not a sales or
         telemarketing phone call.  To retrieve this important message, please call us back at
3        1-877-409-2110.  Thank you.

4               33.    On or about March 26, 2007, Defendant recorded the following automated

5    message on Plaintiff's answering machine:

6         Please contact Mr. Jones at 1-877-409-2110.  This call is regarding a personal
         business matter that demands your immediate attention.  Once again, please contact
7        Mr. Jones at 1-877-409-2110.  I looked forward to your prompt attention to this
         matter.

8

9               34.    On or about March 26, 2007, Defendant recorded the following automated

10   message on Plaintiff's answering machine:

11        Hello.  We have a message for Refugio P. Huizar.  This is not a sales or
         telemarketing call.  It is regarding an important business matter.  Please call us back
12       at 877-409-2110.  Thank you.

13              35.    On or about March 27, 2007, Defendant recorded the following automated

14   message on Plaintiff's answering machine:

15        Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or
         marketing phone call.  To retrieve your important message, please call us back at
16       877-409-2110.  Thank you.

17              36.    On or about March 29, 2007, Defendant recorded the following automated

18   message on Plaintiff's answering machine:

19        Please contact Mr. Jones at 1-877-409-2110.  This call is regarding a personal
         business matter that demands your immediate attention.  Once again, please contact
20       Mr. Jones at 1-877-409-2110.  I looked forward to your prompt attention to this
         matter.

21

22              37.    On or about March 30, 2007, Defendant recorded the following automated

23   message on Plaintiff's answering machine:

24        Hello.  We have a message for Refugio P. Huizar.  This is not a sales or
         telemarketing call.  It is regarding an important business matter.  Please call us back
25       at 877-409-2110.  Thank you.

26              38.    On or about March 31, 2007, Defendant recorded the following automated

27   message on Plaintiff's answering machine:

28        Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or

-6-
COMPLAINT

1    marketing phone call.  To retrieve your important message, please call us back at
     877-409-2110.  Thank you.

2

3            39.    On or about March 31, 2007, Defendant recorded the following automated

4    message on Plaintiff's answering machine:

5    This is a very important message only for Refugio P. Huizar.  This is not a sales or
     telemarketing phone call.  To retrieve this important message, please call us back at
6    1-877-409-2110.  Thank you.

7            40.    On or about April 1, 2007, Defendant recorded the following automated

8    message on Plaintiff's answering machine:

9    Please contact Mr. Jones at 1-877-409-2110.  This call is regarding a personal
     business matter that demands your immediate attention.  Once again, please contact
10   Mr. Jones at 1-877-409-2110.  I looked forward to your prompt attention to this
     matter.
11

12           41.    On or about April 1, 2007, Defendant recorded the following automated

13   message on Plaintiff's answering machine:

14   This is a very important message only for Refugio P. Huizar.  This is not a sales or
     telemarketing phone call.  To retrieve this important message, please call us back at
15   1-877-409-2110.  Thank you.

16           42.    On or about April 5, 2007, Defendant recorded the following automated

17   message on Plaintiff's answering machine:

18   Hello.  We have a message for Refugio P. Huizar.  This is not a sales or
     telemarketing call.  It is regarding an important business matter.  Please call us back
19   at 877-409-2110.  Thank you.

20           43.    On or about April 6, 2007, Defendant recorded the following automated

21   message on Plaintiff's answering machine:

22   This is a very important message only for Refugio P. Huizar.  This is not a sales or
     telemarketing phone call.  To retrieve this important message, please call us back at
23   1-877-409-2110.  Thank you.

24           44.    On or about April 7, 2007, Defendant recorded the following automated

25   message on Plaintiff's answering machine:

26   Hello.  This is an important message for Refugio P. Huizar.  This is not a sales or
     marketing phone call.  To retrieve your important message, please call us back at
27   877-409-2110.  Thank you.

28           45.    On or about April 9, 2007, Defendant recorded the following automated

-7-

COMPLAINT

1    message on Plaintiff's answering machine:

2        Hello. This is an important message for Refugio P. Huizar. This is not a sales or
         marketing phone call. To retrieve your important message, please call us back at
3        877-409-2110. Thank you.

4        46.     On or about April 9, 2007, Defendant recorded the following automated

5    message on Plaintiff's answering machine:

6        Please contact Mr. Jones at 1-877-409-2110. This call is regarding a personal
         business matter that demands your immediate attention. Once again, please contact
7        Mr. Jones at 1-877-409-2110. I looked forward to your prompt attention to this
         matter.

8

9        47.     Defendant's answering machine messages were each a "communication" in

10   an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11       48.     Defendant failed to disclose Defendant's identity and the nature of

12   Defendant's business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and

13   Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104,

14   1112, 1118 (C.D. Cal. 2005).

15       49.     Defendant failed to disclose that the answering machine messages were

16   communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v.*

17   *M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005);  *Foti v. NCO Financial*

18   *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

19       50.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with

20   the intent to annoy, abuse or harass Plaintiff.

21       51.     Defendant caused Plaintiff's telephone to ring with such frequency as to be

22   unreasonable and constitute harassment to Plaintiff under the circumstances.

23       52.     As a consequence of Defendant's collection activities and communications,

24   Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered

25   emotional distress, humiliation and embarrassment.

26                              **VII.  CLAIMS**

27              **FAIR DEBT COLLECTION PRACTICES ACT**

28       53.     Plaintiff brings the first claim for relief against Defendant under the Federal

                                      -8-

1  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2      54.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

3  through 52 above.

4      55.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

5  1692a(3).

6      56.    Defendant, ENCORE, is a "debt collector" as that term is defined by the

7  FDCPA, 15 U.S.C. § 1692a(6).

8      57.    The financial obligation owed to GE Money Bank by Plaintiff is a "debt" as

9  that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

10     58.    Defendant's answering machine messages described above violate the

11 FDCPA. The violations include, but are not limited to, the following:

12         a.    Defendant caused Plaintiff's telephone to ring repeatedly or

13             continuously with the intent to annoy, abuse or harass Plaintiff, in

14             violation of 15 U.S.C. § 1692d(5);

15         b.    Defendant caused Plaintiff's telephone to ring with such frequency

16             as to be unreasonable and constitute harassment to Plaintiff under the

17             circumstances, in violation of 15 U.S.C. § 1692d(5);

18         c.    Defendant failed to disclose Defendant's identity and the nature of

19             Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

20         d.    Defendant failed to disclose that the communications were from a

21             debt collector, in violation of 15 U.S.C. § 1692e(11).

22     59.    Defendant's acts as described above were done intentionally with the purpose

23 of coercing Plaintiff to pay the alleged debt.

24     60.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an

25 award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15

26 U.S.C. § 1692k.

27 **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

28     61.    Plaintiff brings the second claim for relief against Defendant under the

1 Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

2        62.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

3 through 60 above.

4        63.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

5 § 1788.2(h).

6        64.    Defendant, ENCORE, is a "debt collector" as that term is defined by the

7 RFDCPA, Cal. Civil Code § 1788.2(c).

8        65.    ENCORE is a third-party debt collector subject to the federal Fair Debt

9 Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

10        66.    The financial obligation owed by Plaintiff to GE Money Bank is a "consumer

11 debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

12        67.    Defendant's answering machine messages described above violate the

13 RFDCPA.  The violations include, but are not limited to, the following:

14        a.    Defendant caused Plaintiff's telephone to ring repeatedly or

15              continuously with the intent to annoy, abuse or harass Plaintiff, in

16              violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code

17              § 1788.17 and Cal. Civil Code § 1788.11(d);

18        b.    Defendant caused Plaintiff's telephone to ring with such frequency

19              as to be unreasonable and constitute harassment to Plaintiff under the

20              circumstances, in violation of 15 U.S.C. § 1692d(5), as incorporated

21              by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e);

22        c.    Defendant failed to disclose Defendant's identity and the nature of

23              Defendant's business, in violation of 15 U.S.C. § 1692d(6), as

24              incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §

25              1788.11(b);

26        d.    Defendant failed to disclose that the communications were from a

27              debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated

28              by Cal. Civil Code § 1788.17.

68.     Defendant has further violated the RFDCPA in the following respects:

a.      Defendant failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in its first written notice initially addressed to Plaintiff.

69.     Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

70.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

71.     As a result of the Defendant's willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

72.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

73.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

74.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

75.     Plaintiff brings the third claim for relief against Defendant for common law Invasion of Privacy by Intrusion Upon Seclusion.

76.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 74 above.

1    77.  Plaintiff had a reasonable expectation of privacy in his solitude, seclusion and

2  private concerns or affairs while at work and in his home.

3    78.  Defendant intentionally intruded into Plaintiff's work place and home by

4  using an automated device which repeatedly caused Plaintiff's telephone to ring.

5    79.  These intrusions and invasions by Defendant occurred in a way that would

6  be highly offensive to a reasonable person in Plaintiff's position.

7    80.  Defendant intentionally caused harm to Plaintiff's emotional well being by

8  engaging in highly offensive conduct in the course of collecting the debt thereby invading and

9  intruding upon Plaintiff's right to privacy, solitude and seclusion.

10    81.  Defendant's conduct was a substantial factor in causing Plaintiff's harm.

11    82.  Plaintiff has been harmed by Defendant's invasion of privacy and has been

12  damages as a result of the invasion of privacy by Defendant, including but not limited to: emotional

13  distress, loss of sleep, loss of enjoyment of life, humiliation, stress, lack of concentration at work,

14  anxiety and embarrassment by such invasions of his privacy by this Defendant.

15    83.  As a result of such invasions of privacy, Plaintiff is entitled to actual damages

16  and punitive damages in an amount to be determined at trial from Defendant.

17  **VIII.  REQUEST FOR RELIEF**

18  Plaintiff requests that this Court:

19  a.  Assume jurisdiction in this proceeding;

20  b.  Declare that Defendant's answering machine messages violated the Fair Debt

21  Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

22  c.  Declare that Defendant's answering machine messages violated the Rosenthal Fair

23  Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d),

24  1788.11(e) and 1788.17;

25  d.  Declare that Defendant's collection letter attached hereto as Exhibit "2" violates Cal.

26  Civil Code § 1812.700(a) in that it does not contain the required "Consumer

27  Disclosure Notice";

28  e.  Award Plaintiff his actual damages in an amount to be determined at trial, pursuant

1                to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

2     f.     Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to

3           15 U.S.C. § 1692k(a)(2)(A);

4     g.     Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

5           $1,000 pursuant to Cal. Civil Code § 1788.30(b);

6     h.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

7           15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

8     i.     Award Plaintiff his actual damages in an amount to be determined at trial for

9           Defendant's invasions of Plaintiff's privacy;

10     j.     Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

11           U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

12     k.     Award Plaintiff such other and further relief as may be just and proper.

13

14                          CONSUMER LAW CENTER, INC.

15

16                        By: /s/ Fred W. Schwinn
                            Fred W. Schwinn, Esq.

17                             Attorney for Plaintiff
                            REFUGIO PINEDO HUIZAR

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there is no such interest to report.

4                                                            /s/ Fred W. Schwinn
                                                             Fred W. Schwinn, Esq.
5

6                          ### DEMAND FOR JURY TRIAL

7     PLEASE TAKE NOTICE that Plaintiff, REFUGIO PINEDO HUIZAR, hereby demands a

8  trial by jury of all triable issues of fact in the above-captioned case.

9

10                                                           /s/ Fred W. Schwinn
                                                             Fred W. Schwinn, Esq.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT